FILED
SUPERIOR COURT
OF GUAM

2022 MAY -2  AM 10: 57

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                              Plaintiff,<br><br>vs.<br><br>MARVIN SANGALANG PICAZO,<br><br>                              Defendant. | Case No. CF0413-17<br><br>**DECISION AND ORDER**<br>**(Defendant's Motion for a *Franks* Hearing,**<br>**to Quash the Warrant, and to Suppress**<br>**Evidence)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on February 8, 2022, following further proceedings on Defendant's Motion for a *Franks* Hearing, to Quash the Warrant, and to Suppress Evidence ("Motion for a *Franks* Hearing"), filed on April 2, 2018. Attorney Gloria Rudolph appeared for Marvin Sangalang Picazo ("Defendant"). Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion for a *Franks* Hearing.

### BACKGROUND

On August 7, 2017, a grand jury indicted Defendant with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and (3) Possession of Illegal Fireworks (As a Misdemeanor). Indictment, Aug. 7, 2017. On

February 26, 2018, Defendant filed Motion to Suppress the Evidence Seized in This Matter. Mot. to Suppress, (Feb. 26, 2018). The Suppression Motion will be addressed in a separate decision and order after an evidentiary hearing is held. On April 2, 2018, Defendant filed the instant motion. Def.'s Mot. for a *Franks* Hearing, to Quash the Warrant, and to Suppress Evidence (hereinafter "Def.'s Mot. for a *Franks* Hearing"), (Apr. 2, 2022). The People filed an opposition. People's Opp'n. to Def.'s Mot. for a *Franks* Hearing (hereinafter "People's Opp'n.") (May 4, 2018). The People then filed a supplemental opposition. People's Supp. Opp'n. to Def.'s Mot. for *Franks* Hearing (hereinafter "People's Supp. Opp'n."), (May 9, 2018). Defendant filed a reply to the People's oppositions. Def.'s Sur-Reply to the People's Opp'n. to Def.'s Mot. for a Franks Hearing, (May 16, 2018). This Decision and Order solely addresses Motion for a *Franks* Hearing.

The Honorable Anita A. Sukola held a hearing on August 7, 2018. Minute Entry, Aug. 7, 2018. Defendant was not present and Attorney David Lujan waived his presence. *Id.* At the conclusion of the hearing, the Court advised Attorney Lujan that it wanted Defendant present for the next hearing set for the following day. *Id.* On August 8, 2018, Defendant did not appear, and the Court issued a bench warrant for Defendant's arrest. Minute Entry, Aug. 8, 2018.

The warrant remained active until January 11, 2022, when Judiciary of Guam marshals arrested Defendant pursuant to the warrant. Return of Warrant Service, Jan. 11, 2022. The case was assigned to the Honorable Alberto E. Tolentino. Notice of Judge Assignment, Jan. 12, 2022. Upon review, a decision and order was never issued on Motion for a *Franks* Hearing. On February 8, 2022, the Court held further proceedings and advised the parties that the Court would review the recording of the hearing and the documentation contained within

the case file and that it would take the Motion for a *Franks* Hearing under advisement. Minute Entry, Feb. 8, 2022.

## FINDINGS OF FACT

The Court had conducted a hearing ostensibly to determine whether an adequate showing was made to warrant the *Franks* hearing. Guam Police Department ("GPD") Officer Shawn Ayuyu ("Affiant") was the only witness called by the Defendant. Digital Recording at 2:13:36–3:19:56 (Mot. H'rg. Aug. 7, 2018). The People did not call any witnesses. *Id.* From the testimony received from this witness the Court finds:

On July 14, 2017, a confidential source of information ("SOI") came into the GPD office and stated that he wanted to provide information regarding Defendant, who supplied SOI's drugs. Digital Recording at 2:13:36–2:24:11 (Mot. H'rg. Aug. 7, 2018). Affiant was assigned to meet with SOI. *Id.* Affiant knew SOI to be a drug user because he had an outstanding arrest warrant for possession of a controlled substance prior to coming into the GPD office to provide information on Defendant. Digital Recording at 2:13:36–2:35:09 (Mot. H'rg. Aug. 7, 2018). GPD officers also knew that SOI's girlfriend had been arrested and charged with manufacturing controlled substances. *Id.* SOI informed Affiant that he had a system for meeting Defendant and obtaining the drugs. *Id.* SOI said that he had purchased drugs from Defendant at Defendant's residence a few times over the past few months. *Id.* Thus, GPD officers set up an operation for a controlled buy to take place between Defendant and SOI that same day. *Id.*

SOI called Defendant to arrange a meeting. *Id.* GPD officers were present and recorded the phone call, but Defendant did not answer SOI's call. *Id.* Defendant messaged SOI on Facebook Messenger, and they coordinated a meeting where Defendant would sell SOI methamphetamine. *Id.* GPD officers did not take photos of the conversation on Facebook

Messenger, but Affiant reviewed the conversation. *Id.* He confirmed that the messages candidly arranged a drug transaction; the messages did not use code words. Digital Recording at 3:08:24–3:09:01 (Mot. H'rg. Aug. 7, 2018). SOI and Defendant arranged for the controlled buy to take place a Defendant's residence. Digital Recording at 2:13:36–2:24:11 (Mot. H'rg. Aug. 7, 2018). However, when SOI arrived at Defendant's residence for the controlled buy, Defendant's mother answered the door and stated that Defendant was not home. *Id.* Defendant then contacted SOI and informed him that he wanted the controlled buy to take place at A&A Pawnshop in Dededo instead of at his residence. *Id.*

GPD officers gave SOI two hundred dollars ($200.00) to purchase 1.8 grams of methamphetamine and placed an electronic recording device on SOI. Digital Recording at 2:40:58–2:47:54 (Mot. H'rg. Aug. 7, 2018). SOI entered A&A Pawnshop and conversed with Defendant. *Id.* SOI told Affiant that Defendant introduced SOI to Defendant's girlfriend via Facetime; she was not physically present at the pawnshop. *Id.* Defendant and SOI then exchanged money and 1.8 grams of methamphetamine. *Id.* SOI was inside of the pawnshop for about five to ten minutes. *Id.* GPD officers did not confiscate the security camera footage from the pawnshop. *Id.* Affiant confirmed that when SOI entered the pawnshop he did not have any drugs on his person, and when he exited the pawnshop he had methamphetamine on his person. *Id.*

Defendant was not arrested after the controlled buy. Digital Recording at 2:48:05–3:11:25 (Mot. H'rg. Aug. 7, 2018). The GPD officers and SOI returned to the GPD office and the GPD officers debriefed SOI. *Id.* GPD officers confiscated the methamphetamine but did not fingerprint the Ziploc bag containing the methamphetamine. *Id.* Affiant did not complete a custody receipt for the methamphetamine. *Id.* GPD officers prepared a "secret" police report in order to protect SOI's identity, which is standard procedure when the case involves a

confidential informant. *Id.* Subsequently, Affiant prepared an affidavit to obtain a search warrant to search Defendant's residence. *Id.* The affidavit did not include the following facts: SOI had not been used in any other GPD operations; SOI's relationship with his girlfriend; SOI's name; or that the controlled buy at defendant's residence did not occur. *Id.* The *Ex Parte* Judge granted the search warrant, and GPD officers executed the search warrant at Defendant's residence on July 18, 2017. Mag. Complaint, July 19, 2017.

## DISCUSSION

Defendant argues that the Court should quash the search warrant because the affidavit ". . . does not establish the reliability of the SOI, or the information he or she provided." Def.'s Mot for a *Franks* Hearing at 5. Defendant further argues that Affiant made material omissions when he failed to include information pertaining to SOI's girlfriend's manufacturing charges and that the electronic device did not record anything inculpatory during the controlled buy. *Id.* at 6. Lastly, Defendant argues Affiant should have stated in the affidavit that the controlled buy at Defendant's residence did not occur. Digital Recording at 2:13:36–3:19:56 (Mot. H'rg. Aug. 7, 2018). The People assert that whether SOI ". . . has previously acted as a confidential informant is immaterial to the probable cause determination in light of substantial information." People's Supp. Opp'n. at 4. The People further assert that Defendant has failed to demonstrate any actual bias due to SOI's relationship with his girlfriend. The People argue that even if Defendant has demonstrated actual bias, the affidavit does describe SOI's drug use and the fact that Defendant was SOI's supplier, therefore showing the *Ex Parte* Judge that Defendant has bias. *Id.* Lastly, the People assert that GPD officers observed a controlled buy between Defendant and SOI, which served as sufficient probable cause for the *Ex Parte* Judge to issue a search warrant. *Id.*

The Supreme Court of the United States held that "where the Defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155–156 (1978). The Supreme Court expressly recognized in *Franks* that there is "a presumption of validity with respect to the affidavit supporting the search warrant," and that "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* at 171–172. A "totality of circumstances" test should be applied in determining whether the affidavit established probable cause. *Illinois v. Gates*, 462 U.S. 213, 230–231 (1983). "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 428 U.S. at 156.

Defendant argues that SOI was biased because his girlfriend was charged with manufacturing controlled substances. Def.'s Mot for a *Franks* Hearing at 5. The Court notes there is "a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171. There is no dispute that Affiant did not include SOI's relationship with his girlfriend in the affidavit. However, the Court does not find this omission to be intentionally or recklessly misleading. Defendant has not presented any evidence that SOI is working with GPD in order for his girlfriend to receive favorable treatment; Defendant's claim

is mere speculation. Even assuming Defendant is correct, the Court agrees with the People's statement that ". . . a cooperating SOI in almost all cases with have bias..." People's Opp'n. at 5. Every cooperating SOI has a motivation for cooperating with GPD or they would not be cooperating. The Court finds the bias in this case is equivalent to the bias of any other cooperating SOI.

Moreover, the exclusion of the bias is not an intentionally or recklessly misleading omission because even if it were included in the affidavit it would not defeat probable cause. The affidavit describes the controlled buy, explains SOI's prior transactions with Defendant, and details SOI's drug use. The Court finds those facts contained in the affidavit overwhelmingly establish probable cause to issue a search warrant. As Defendant's relationship with his girlfriend does not contradict the facts contained in the search warrant—it supplements those facts—the Court finds that an inclusion of Defendant's relationship with his girlfriend would not change the basis for finding probable cause. Namely, while including SOI's relationship with his girlfriend might explain why SOI willingly partook in a controlled buy, it does not change the fact that the controlled buy occurred and corroborated SOI's claims.

Likewise, Affiant's decision to exclude from the affidavit the fact that the electronic device did not record anything inculpatory was not an intentionally or recklessly misleading omission. The affidavit states "[t]he SOI met with Picazo inside A&A Pawn Shop and successfully purchased 'ice' from Picazo." Aff. of Search Warrant at 3. This statement— along with the other facts contained in the affidavit—establishes probable cause. An inclusion of the fact that the electronic device did not record anything inculpatory while SOI was inside of the pawnshop does not defeat probable cause. Even if the *Ex Parte* Judge knew that the electronic device did not record anything inculpatory during the controlled buy, it does not eliminate the successful controlled buy between SOI and Defendant. Defendant does not

contest the statement in the affidavit that SOI "successfully purchased 'ice from Picazo.'" Aff. of Search Warrant at 3. The affidavit candidly states that SOI "was outfitted with an electronic monitoring device" and that the controlled buy was successful. *Id.* Nowhere does it imply that anything inculpatory was found on the electronic recording device or attempt to mislead the *Ex Parte* Judge as to the contents of the recording. Thus, the Court finds Affiant's exclusion of the lack of inculpatory evidence captured by the recording device does not affect the validity of the warrant.

After conducting an exhaustive review of the testimony presented at the hearing to determine whether Defendant made a substantial enough showing of allegedly false statements being knowingly and intentionally made or included into the affidavit supporting the warrant; the Court finds that Defendant failed to make the showing to support his request for the *Franks* hearing.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion for a *Franks* Hearing.

SO ORDERED, this ___2___ day of ___May___ 2022.

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, Lujan & Wolff

Date: 5/03/22 Time: 11:48am
Antonio Cruz
Deputy Clerk, Superior Court of Guam